IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY WALTERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 6291 |
| | ) | |
| vs. | ) | Judge Coar |
| | ) | |
| Chicago Police Officers C. Bratek, Star No. 8077, and T. Martin, Star No. 12928, Individually, | ) ) ) | Magistrate Judge Cole |
| | ) | Jury Demand |
| Defendants. | ) | |

**DEFENDANT OFFICERS' ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

　　　　Defendant Chicago Police Officers Christopher Bratek and Timothy Martin, by and through one of their attorneys, Anne K. Preston, Assistant Corporation Counsel, hereby submit their Answer, Defenses, and Jury Demand to Plaintiff's Complaint:

**JURISDICTION AND VENUE**

　　1.　　This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

　　**ANSWER:**　　Defendant Officers admit that jurisdiction is proper, but deny any wrongful or illegal conduct.

　　2.　　Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

　　**ANSWER:**　　Defendant Officers admit that venue is proper, but deny the remaining allegations contained in Paragraph 2.

**PARTIES**

　　3.　　At all times herein mentioned, plaintiff ANTHONY WALTERS was and is a citizen of the United States, and was within the jurisdiction of this court.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3.

4. At all times herein mentioned defendant Chicago Police Officer C. BRATEK, Star No. 8077 ("BRATEK") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendant Officers admit the allegations contained in Paragraph 4, but deny any wrongful or illegal conduct.

5. At all times herein mentioned defendant Chicago Police Officer T. Martin, Star No. 12928 ("MARTIN") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity..

**ANSWER:** Defendant Officers admit the allegations contained in Paragraph 5, but deny any wrongful or illegal conduct.

## FACTUAL ALLEGATIONS

6. On or about November 10, 2005, Plaintiff was lawfully in a public place, in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** Defendant Officers admit that during their encounter with Plaintiff, on or about November 10, 2005, Plaintiff was in the City of Chicago, County of Cook, State of Illinois. Defendant Officers deny the remaining allegations contained in Paragraph 6.

7. At that time and place defendants seized plaintiff.

**ANSWER:** Defendant Officers admit the allegations contained in Paragraph 7.

8. Plaintiff did not consent to being seized.

**ANSWER:** Defendant Officers admit, upon information and belief, the allegations contained in Paragraph 8.

9. There was no outstanding arrest warrant for plaintiff.

**ANSWER:** Defendant Officers admit, upon information and belief, the allegations contained in Paragraph 9.

10. There was no legal cause to seize plaintiff.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 10.

11. By reason of the above-described acts and omissions of defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 11.

12. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 12.

13. By reason of the above-described acts and omissions of defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 13.

### COUNT I
### Plaintiff Against Defendants BRATEK and MARTIN for
### UNREASONBLE SEIZURE

14. Plaintiff hereby incorporates and realleges Paragraphs one (1) through thirteen (13) hereat as though fully set forth at this place.

**ANSWER:** Defendant Officers reassert their answers to Paragraphs 1 through 13, inclusive, as if fully set forth herein, as their answer to Paragraph 14.

15. By reason of the Defendants' conduct Plaintiff was deprived of rights, privileges

and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER:**   Defendant Officers deny the allegations contained in Paragraph 15.

16.   The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiffs rights in the following manner: the seizure of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**   Defendant Officers deny the allegations contained in Paragraph 16.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count I, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT III[1]
### Plaintiff Against Defendants BRATEK and MARTIN for
### FOR DUE PROCESS VIOLATIONS

17.   Plaintiff hereby incorporates and realleges Paragraphs one (1) through thirteen (13) as though set forth herein in their entirety.

**ANSWER:**   Defendant Officers reassert their answers to Paragraphs 1 through 13, inclusive, as if fully set forth herein, as their answer to Paragraph 17.

18.   The defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, submitting false charges as contained in the criminal complaints, submitting false police reports, and otherwise acting to deny plaintiff a fair trial.

**ANSWER:**   Defendant Officers deny the allegations contained in Paragraph 18.

19.   The acts described in the preceding paragraph were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

---

[1] Plaintiff's complaint does not include a Count II.

**ANSWER:**   Defendant Officers deny the allegations contained in Paragraph 19.

20. By reason of the conduct of the individual defendants, plaintiff was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:**   Defendant Officers deny the allegations contained in Paragraph 20.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count III, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. Defendant Officers are entitled to qualified immunity. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

2. Defendants are absolutely immune for any testimony they may have given in Plaintiff's underlying criminal case. See Briscoe v. LaHue, 460 U.S. 325 (1983).

3. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

**JURY DEMAND**

Defendant Officers Bratek and Martin hereby demand a jury trial.

                                                                 Respectfully submitted,

                                                                  /s/ Anne K. Preston
                                                                 Anne K. Preston
                                                                 Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-4045
(312) 744-6566 (Fax)
Atty. No. 06287125